**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HOWARD GUION,

Plaintiff,

v. No. 2:26-cv-01470-SMD-JHR

ADAM TELLE, Acting Secretary
of the Army, *et al.*,

Defendants.

**ORDER GRANTING LIMITED EXTENSION OF TIME**
**TO COMPLETE SERVICE OF PROCESS**

Before the Court is Plaintiff's Emergency Motion for Limited Extension of Time to Complete Service of Process, Relief from Expired Deadline, and Request to Defer Dismissal (Doc. 24) ("Motion"), filed November 20, 2026. In the Motion, Plaintiff seeks an additional 14 days from entry of the order granting the Motion to complete service of process on Defendants. (*Id.*) For the following reasons, the Court FINDS that the Motion is well-taken and should be GRANTED.

In an Order entered on November 4, 2026, the Court gave Plaintiff until November 18, 2026, to: (1) arrange any missing service of process on Defendants; (2) file proof of such service with the Court; and (3) document any service already completed. (Doc. 19 at 2-3.) The Court warned Plaintiff that this would be his "final opportunity to comply" with the rules governing service of process and that the case would be dismissed if he did not comply within the time allowed. (*Id.*) In response to the Court's Order, Plaintiff appears to have accomplished and documented service on all Defendants as directed, except for one critical error, *i.e.*, he failed to serve Defendants with Court-issued summonses along with the operative complaint. (Docs. 21-24.)

To explain this failure, Plaintiff asserts that he mistakenly "believed that because the Clerk of Court had electronically issued the summons through PACER/CM/ECF, the federal defendants had already received the summons electronically and that separate mailing of the issued summons was unnecessary." (Doc. 24 at 2.) According to Plaintiff, he learned that his belief was incorrect when the United States Attorney's Office for the District of New Mexico wrote to him on November 17, 2026, and identified the deficiency in his attempted service. (*Id.* at 3, 16.) He therefore claims that he acted in good faith and with excusable neglect and that the requested extension of time "would serve the interests of justice." (*Id.* at 4-9.) He also asks the Court to consider his *pro se* status and "the possibility that applicable statutory filing deadlines could prevent [him] from pursuing his claims in a subsequently filed action." (*Id.* at 4-5, 7.)

Under Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If so, "the plaintiff is entitled to a mandatory extension of time." *Id.* But "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* "The factors to be considered in weighing a permissive extension include [the plaintiff's] pro se status, the possibility of prejudice to the defendants, and the potential that the statute of limitations has run on the claims." *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 52–53 (10th Cir. 2021).

Plaintiff does not argue that he has shown good cause for his failure to timely complete service of process on Defendants. (*See generally* Doc. 24.) Nor could he plausibly do so. *Pro se* litigants must comply with Rule 4 and "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). And here, Plaintiff was plainly negligent in believing he did not need to serve Court-issued summonses along with the operative complaint. Not only does Rule 4(c)(1) direct him to do so, but also the Court's Order specifically instructed Plaintiff to arrange for a non-party to send "*the Court-issued summonses* and Amended Complaint" by certified or registered mail to the required recipients. (Doc. 19 at 2 (emphasis added).) Thus, Plaintiff is not entitled to a mandatory extension of time to complete service under Rule 4(m).

However, the relevant factors weigh in favor of Plaintiff's request for a permissive extension under *Espinoza*, 52 F.3d at 841. Plaintiff is proceeding *pro se*, and the rules for service of process on federal defendants are complex. Defendants are unlikely to be prejudiced by the 14-day extension Plaintiff seeks; not only is the requested extension brief, but also Defendants have already received actual notice of Plaintiff's suit. (*See* Doc. 24 at 16.) And finally, it appears likely that Plaintiff would be unable to refile some or all of his claims in a subsequent suit because applicable limitations periods may have run.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Limited Extension of Time to Complete Service of Process, Relief from Expired Deadline, and Request to Defer Dismissal (Doc. 24) is GRANTED. The deadline for Plaintiff to accomplish and document service of process on Defendants as required by the Court's November 4, 2026 Order is extended to **Wednesday, December 9, 2026**.

However, because Plaintiff has repeatedly failed to comply with Rule 4 despite multiple extensions and explicit instructions about how to do so, the Court strongly cautions Plaintiff that it is unlikely to tolerate any further neglect or inadvertence on his part. If Plaintiff fails to comply with this Order within the time allowed, this action may be dismissed without prejudice without further notice or warning unless Plaintiff shows good cause as well as excusable neglect for the failure.

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE